[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14755
Non-Argument Calendar

_____

D. C. Docket No. 02-00591-CR-4-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABIOLA LAWAL,
a.k.a.  A. K. Lawani,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 7, 2005)

Before MARCUS, WILSON,  and HILL, Circuit Judges.

PER CURIAM:

By single-judge order of this court filed September 19, 2005, appellant Abiola Lawal's motion for severance in this case was granted and his appeal was severed from Appellant Leroy Evans' appeal. The same order also granted Lawal's motion to expedite appeal, and his appeal was expedited directly to this merits panel for our consideration upon the completion of briefing. Our conclusions follow.

In his brief, Lawal states the three issues he raises on appeal as:

"I. Taken in the light most favorable to the government, the prosecution failed to show beyond a reasonable doubt through its circumstantial case that Defendant Abiola Lawal knew of the conspiracy and intended to join it.

II. As a result of the government's failure to provide information on forgeries in the case by the only witness for the government, Professor Lawal was deprived of his constitutional right to a fair trail under Brady [Brady v. Maryland, 83 S. Ct. 738 (1963)].

III. Professor Lawal objected at sentencing to the mandatory application of the United States Sentencing Guidelines and should be sentenced again."

As to Issues I and II above, based on a careful review of the briefs and the extensive record, and the arguments raised therein, we affirm the merits of Lawal's appeal on the basis of, and for the reasons set forth in, the thirty-four (34) page

2

opinion of the Honorable Richard W. Story, United States District Judge, dated June 16th, 2004, insofar as his order addresses the substance of these two issues.

As to the sentencing issue raised in Issue III, the government concedes in its brief, at pages 26-27, that it cannot meet its burden of proof in Lawal's case that the Booker statutory error of sentencing under a mandatory Sentencing Guidelines regime was harmless error. United States v. Booker, 125 S. Ct. 738 (2005), United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). It concedes that Lawal is entitled to have his sentence reversed and his case remanded for re-sentencing. We agree.

For the foregoing reasons, we vacate and remand Lawal's sentence for the limited purpose of resentencing pursuant to Booker. The judgment of conviction is affirmed.

**AFFIRMED IN PART; VACATED AND REVERSED IN PART, AND REMANDED FOR RESENTENCING.**